GOODWIN *v.* HAZZARD.—In error.

A draft from the post-office department on a post-master, in a suit by the holder against the post-master, is no evidence of a demand against the latter, unless he accepted or promised to pay it.

A due bill payable in bankable paper "*when wanted,*" is payable on demand, and will not draw interest until demand is made.

ASSUMPSIT by *Hazzard* against *Goodwin* on the common counts. Pleas, non-assumpsit, payment, and set-off. Trial by jury, and verdict and judgment for 98 dollars and 21 cents damages, in favor of the plaintiff.

On the trial, there being a long list of opened and unsettled accounts in evidence on the part of each party, the defendant introduced the following draft:

"*Transportation of Mails—Post-Office Department—Draft No. 5,043.*

"To *Samuel Hazzard*, P. M., at *Newcastle, Indiana:*

"At sight, pay to *Wesley Goodwin*, or order, 21 dollars and 88 cents, and charge to account of this department. Charged 24th *August*, 1842.

"*C. A. Wickliffe*, P. M. General.

"*E. Whittlesey*, Auditor P. O. Department, 21 dollars and 88 cents."

There was some evidence as to the execution of the draft. One *Richard Goodwin*, a witness, stated that he had heard a conversation between the parties relative to a post-office draft, which the plaintiff admitted was unpaid and promised to settle, but could not state for what amount the draft was drawn, now, with certainty. When the conversation occurred, the plaintiff was a post-master, and the defendant a mail contractor, who frequently had such drafts upon the plaintiff. This being all the evidence relative to the draft introduced by the defendant, the Court excluded it from the jury. We do not think there was any error in this. Such a draft could not be evidence of a demand against the plaintiff unless he had accepted it, or promised to pay it, and the statements of *Richard Goodwin* were too vague to establish such an acceptance or promise.

The following note was also introduced in evidence: <span>Nov. Term, 1849.</span>
" Due *Wesley Goodwin* 70 dollars, to be paid in bankable
paper when wanted.                                                  STARR
"*January* 1st, 1841.                *Samuel Hazzard.*          v.
                                                                   HARRINGTON.

No evidence was given of a demand of payment, and the Court instructed the jury that such a note is not entitled to draw interest until demand made. We think this instruction was correct, the note being, in effect, payable on demand. The judgment is affirmed.